UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

COREY DAVIS,

        Plaintiff,

    -v-

CHESTER DAVIS,

        Defendant.

------------------------------------------------

16-CV-6667 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

  Plaintiff Corey Davis, proceeding *pro se*, brings this action against Defendant Chester Davis, his father, for breach of fiduciary duty, negligent misrepresentation, breach of contract, unjust enrichment, and conversion. (Dkt. No. 2.) Despite having been served, Defendant failed to file an appearance or to respond to the Complaint. Plaintiff now moves for default judgment. For the reasons that follow, the motion is granted.

**I. Background**

  The following background facts are taken from the Complaint and are assumed true because Defendant has defaulted. *See infra* Section II.

  Prior to his incarceration, Plaintiff would periodically give money to Defendant for safekeeping. (Dkt. No. 2 ¶¶ 4–7.) In 2003, Plaintiff purchased a 2001 Mercedes Benz CL 500. To save Plaintiff money, Defendant registered and insured the vehicle under a corporation he owned, but the parties understood and agreed that the vehicle belonged to Plaintiff, who maintained sole possession of it. (Dkt. No. 2 ¶¶ 8 – 9.)

  Plaintiff was arrested and detained in 2006. At that time, Defendant was holding $430,000 for Plaintiff. In 2007, Defendant also agreed to store the Mercedes in his garage for Plaintiff. (Dkt. No. 2 ¶¶ 10–13.) At Plaintiff's instruction, Defendant hired attorneys and

investigators to assist in Plaintiff's criminal case, using some of Plaintiff's money. (Dkt. No. 2 ¶ 15.)

In July 2015, Defendant told Plaintiff that he had invested Plaintiff's money with the now-infamous Ponzi-schemer Bernard Madoff, and that all of the money was gone. (Dkt. No. 2 ¶¶ 17–18.) Plaintiff alleges that he obtained a list of Madoff's victims and confirmed that Defendant was not on the list. He further alleges that Defendant used Plaintiff's money for his own benefit without permission. (Dkt. No. 2 ¶¶ 20–21.)

Plaintiff later requested that Defendant sell the Mercedes to fund Plaintiff's legal defense. Defendant refused. Plaintiff alleges that Defendant sold the vehicle and kept the money for himself. (Dkt. No. 2 ¶¶ 22–23.)

## II. Legal Standard

A party against whom a judgment for affirmative relief is sought is in default when it has failed to plead or otherwise defend the suit. *See* Fed. R. Civ. P. 55(a). "'[A] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability.'" *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971). In evaluating a motion for default judgment, the court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor. *Id.* at 344. Nonetheless, because a party in default does not admit conclusions of law, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (alterations in original) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting

*Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). District courts have "much discretion" to determine whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." *Id.* at 234 (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

**III.    Discussion**

Plaintiff alleges five alternative theories of liability: (1) breach of fiduciary duty, (2) negligent misrepresentation, (3) breach of contract, (4) unjust enrichment, and (5) conversion.

**A.    Breach of Fiduciary Duty**

**1.    Choice of Law**

Before addressing the merits of Plaintiff's breach of fiduciary duty claim, the Court must determine which state's substantive law governs Plaintiff's claims.

"A federal court exercising diversity jurisdiction must apply the choice of law analysis of the forum state." *Holborn Corp. v. Sawgrass Mut. Ins. Co.*, 304 F. Supp. 3d 392, 398 (S.D.N.Y. 2018) (quoting *GlobalNet Financial.com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 382 (2d Cir. 2006). "In New York, . . . the first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of laws." *Id.* (quoting *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998)). "An actual conflict of law exists if 'the applicable law from each jurisdiction provides different substantive rules,' and the differences 'have a significant *possible* effect on the outcome of the trial.'" *Id.* (first quoting *Curley*, 153 F.3d at 12; second quoting *Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 331 (2d Cir. 2005)).

Here, Plaintiff is domiciled in Florida, and Defendant is domiciled in New York. (Dkt. No. 2 ¶¶ 1–2.) *See Poucher v. Intercounty Appliance Corp.*, 336 F. Supp. 2d 251, 253 (E.D.N.Y.

2004) ("It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead, the prisoner retains his preincarceration domicile."). Therefore, the Court first must address whether there is a conflict between New York and Florida law.

In Florida, "[t]he elements of a cause of action for breach of fiduciary duty are (1) the existence of a duty, (2) breach of that duty, and (3) damages flowing from the breach." *Cassedy v. Alland Investments Corp.*, 128 So. 3d 976, 978 (Fla. Dist. Ct. App. 2014) (quoting *Crusselle v. Mong*, 59 So.3d 1178, 1181 (Fla. Dist. Ct. App. 2011)). The elements are the same in New York. *See Baumann v. Hanover Cmty. Bank*, 957 N.Y.S.2d 111, 114 (App. Div. 2d Dep't 2012). There is no conflict.

### 2. Liability

Turning to the merits of the claim, the Court concludes that Plaintiff's allegations, taken as true, are sufficient to establish Defendant's liability for breach of fiduciary duty.

First, Plaintiff adequately alleged that Defendant owed him a fiduciary duty. "'[A]t the heart of the fiduciary relationship' lies 'reliance, and de facto control and dominance.'" *United States v. Chestman*, 947 F.2d 551, 568–69 (2d Cir. 1991) (quoting *United States v. Margiotta*, 688 F.2d 108, 125 (2d Cir.1982). "A fiduciary relationship arises 'between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation.' Put differently, '[a] fiduciary relation exists when confidence is reposed on one side and there is resulting superiority and influence on the other.'" *Roni LLC v. Arfa*, 18 N.Y.3d 846, 848 (2011) (internal citations omitted) (first quoting *EBC I, Inc. v. Goldman, Sachs & Co.*, 5 N.Y.3d 11, 19 (2005); second quoting *AG Capital Funding Partners, L.P v. State St. Bank & Trust Co.*, 11 N.Y.3d 146, 158 (2008)). One acts in a "fiduciary capacity" when

4

> the business which he transacts, or the money or property which he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part.

*Childers v. New York & Presbyterian Hosp.*, 36 F. Supp. 3d 292, 307 (S.D.N.Y. 2014) (quoting *United States v. Chestman*, 947 F.2d 551, 568–69 (2d Cir.1991)); *see also Brown Media Corp. v. K & L Gates, LLP*, No. 15 Civ. 676, 2018 WL 1135552, at *12 (E.D.N.Y. Feb. 28, 2018) (noting that the question whether a fiduciary relationship exists is "a fact-specific inquiry") (quoting *Facella v. Fed'n of Jewish Philanthropies of New York, Inc.*, No. 98 Civ. 3146, 2004 WL 1700616, at *6 (S.D.N.Y. July 30, 2004)).

Here, Plaintiff alleges that he entrusted his money and property to Defendant, and that Defendant promised to maintain it for Plaintiff's benefit. (Dkt. No. 2 ¶¶ 6–9.) These promises were sufficient to give rise to a fiduciary relationship. *See Chestman*, 947 F.2d at 569 ("In relying on a fiduciary to act for his benefit, the beneficiary of the relation may entrust the fiduciary with custody over property of one sort or another.").

Second, Plaintiff has adequately alleged that Defendant breached this fiduciary duty. Plaintiff alleges that Defendant misappropriated funds and property, which were entrusted to Defendant for safekeeping, for Defendant's own benefit. Such "blatant self-dealing" is a paradigmatic breach. *See Brown Media Corp.*, 2018 WL 1135552, at *13 (quoting *Birnbaum v. Birnbaum*, 73 N.Y.2d 461, 466 (1989)).

Third, Plaintiff has sufficiently alleged that Defendant's breach caused him to suffer damages. Simply put, he alleges that Defendant dissipated the assets that Plaintiff entrusted him to safeguard. Plaintiff alleges that the re-sale value of his Mercedes was $41,000, and that he entrusted $430,000 in cash to Defendant. (Dkt. No. 2 ¶¶ 11, 14.)

Finally, the Court notes that Plaintiff's allegations satisfy the pleading requirements of N.Y. C.P.L.R. § 3016(b), since the facts alleged permit the "reasonable inference" that Defendant engaged in the alleged wrongful conduct and that Defendant made promises to Plaintiff that gave rise to a "relationship of trust." *See Stewart Title Ins. Co. v. Liberty Title Agency, LLC*, 922 N.Y.S.2d 18, 19 (2011); *Faith Assembly v. Titledge of New York Abstract, LLC*, 961 N.Y.S.2d 542, 553 (2013).

### 3. Damages

Having established Defendant's liability, the Court next addresses the amount of Plaintiff's damages. Prevailing plaintiffs may recover money damages in the amount of the loss sustained as a result of a breach of fiduciary duty. *See Gibbs v. Breed, Abbott & Morgan*, 710 N.Y.S.2d 578, 584 (2000). According to the Complaint, that amount is $470,000 in this case. (Dkt. No. 2 ¶ 33.) Although the Complaint seeks additional punitive damages, Plaintiff responded to the Court's order directing him to file a statement of damages with a letter seeking damages in the amount of $452,191.67.[1] (Dkt. No. 31.) Taking the allegations in the Complaint as true, the Court concludes that Plaintiff has adequately established damages in the amount of $452,191.67.

In his Complaint, Plaintiff also sought interest. (Dkt. No. 2 ¶33.) On his breach of fiduciary duty claim, New York law "mandates that Plaintiff receive both pre-verdict and post-verdict prejudgment interest, accrued at nine percent, pursuant to [N.Y.] CPLR §§ 5001, 5002. . . . It is within the Court's discretion to determine the 'earliest ascertainable date' that Plaintiff

---

[1] Moreover, the Court concludes that Plaintiff "neither alleges conduct of such an egregious nature directed at [himself], nor a pattern of such conduct directed at the public in general, sufficient to sustain a demand for punitive damages." *Hylan Elec. Contracting, Inc. v. MasTec N. Am., Inc.*, 903 N.Y.S.2d 528, 530 (2010). Nor has Plaintiff identified any authority to support his claim for double or treble damages.

began incurring damages and, consequently, accruing interest." *Meisel v. Grunberg*, No. 07 Civ. 11610, 2012 WL 592757, at *1 (S.D.N.Y. Feb. 21, 2012), *aff'd*, 521 F. App'x 3 (2d Cir. 2013) (internal citations omitted). Based on the allegations in the Complaint, which are not very specific as to dates, the Court determines that Plaintiff's cause of action accrued on July 31, 2015, at the latest. Accordingly, Plaintiff is entitled to collect prejudgment interest at nine percent per annum from that date. *See, .e.g.*, *Orchard Enterprises NY, Inc. v. Megabop Records Ltd.*, No. 09 Civ. 9607, 2011 WL 2652459, at *4 (S.D.N.Y. July 7, 2011), *report and recommendation adopted*, No. 09 Civ. 9607, 2012 WL 75407 (S.D.N.Y. Jan. 9, 2012) (explaining that, where "the record is not clear" as to when claim accrued, "the Court will compute prejudgment interest upon all of the damages from a single reasonable intermediate date.").

Finally, Plaintiff's Complaint also seeks recovery of costs, fees, and expenses. However, Plaintiff has submitted no evidence of costs, fees, or expenses incurred in connection with this suit, nor does there appear to be any legal basis for shifting of fees (particularly where Plaintiff is proceeding *pro se* and *in forma pauperis*).

Because the Court holds that Plaintiff has established a valid cause of action and is entitled to the extent of his requested damages under his breach of fiduciary duty claim, the Court need not address Plaintiff's alternative theories of liability. *See Maersk Line v. Americargo Inc.*, No. 17 Civ. 5742, 2018 WL 3435070, at *2–3 n.1 (D.N.J. July 17, 2018).

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED. Default judgment is hereby entered against Defendant Chester Davis in the amount of **$452, 191.67**, plus interest accruing at nine percent per annum from July 31, 2015.

Plaintiff is directed to serve a copy of this Order on Defendant by e-mail by September 14, 2018.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: August 27, 2018
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*